MANETTA v. UNITED TRACTION CO.

(Circuit Court, E. D. Pennsylvania. December 3, 1909.)

No. 56.

STREET RAILROADS (§ 98*)—ACTION FOR INJURY TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Uncontradicted evidence, in an action against a street railroad company to recover for a personal injury, that plaintiff, who was in charge of street work, stood upon defendant's tracks at a corner where the track turned for from 15 to 25 minutes, with his back toward the point from which the car approached which struck him, without looking around, *held* to establish such contributory negligence as to justify taking the case from the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–208; Dec. Dig. § 98.*]

At Law. Action by Charles Manetta against the United Traction Company. Motion to take off nonsuit. Motion denied.

Thomas James Meagher, for plaintiff.
Paxson Deeter and John C. Bell, for defendant.

J. B. McPHERSON, District Judge. After a review of the testimony, in the light of the brief submitted by the plaintiff, I still think it would be impossible to sustain a verdict in his favor upon the evidence that was offered at the trial. I have no controversy with the decisions that have been cited. There is no doubt that the plaintiff was rightfully upon the street, being a foreman in charge of the work that was being done for the city of Reading at the intersection of the two highways spoken of by the witnesses, and there was no intention to hold otherwise at the trial. But he certainly was not relieved thereby of the duty to take reasonable and proper care of himself. He knew that cars were frequently to be expected, and that they swung around the corner where he was standing; but according to his own testimony he stood there from 15 to 25 minutes with his back toward the point from which the car came that struck him, and did not once look to see whether danger was approaching, although the nature of his occupation was by no means exacting, and, indeed, was such that he could have turned his head whenever he pleased. Upon his testimony alone I think the nonsuit was properly entered, while it is also true that other of his witnesses strengthen the case against him. If a case like this must go to the jury, although the court would feel obliged to set aside a verdict in the plaintiff's favor, it would be hard to conceive of a case that could be withdrawn from that tribunal.

Moreover, it may well be doubted whether there was enough evidence of the defendant's negligence to be submitted to the jury. Upon the question of speed there is the meager statement, contained in a single sentence uttered by an Italian witness who could scarcely be understood—it was necessary to abandon his examination because it was evident that he did not understand enough English to comprehend the questions—that the car was running fast; and this in opposition to the convincing testimony, in accord with common experience,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that speed was most unlikely while the car was approaching and was passing around the curve. The testimony concerning the defendant's failure to give a signal by ringing the bell was not much better, being wholly negative in its character and very unsatisfactory.

The motion to take off the nonsuit is refused.